## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-

---

**J WOODARD, on behalf of himself and all similarly situated persons,**

      Plaintiff,

**v.**

**AND SHEET METAL INC., COLORADO COMMERCIAL ROOFING, INC., and MARK BARNES,**

      Defendants.

---

### CLASS AND COLLECTIVE ACTION COMPLAINT

---

COMES NOW Plaintiff J Woodard ("Plaintiff"), by and through undersigned counsel, individually and on behalf of all others similarly situated, files this *Class and Collective Action Complaint* against AND Sheet Metal Inc. ("AND"), Colorado Commercial Roofing, Inc. ("CCR"), and Mark Barnes.

### Statement of the Case

1. The federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order #36 (the "COMPS Order"), contain various rules regarding employee wages and working hours. Defendants violated these laws by failing to: a) pay employees the applicable minimum wage for all hours worked; and b) pay employees overtime compensation for all hours

1

worked in excess of forty (40) in any workweek. This class and collective action seeks to recover damages and backpay to compensate all current and former employees of Defendants for these wage violations.

## Jurisdiction

2.     The Court has jurisdiction over the parties and subject matter of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

## Venue

3.     The unlawful employment actions described below were committed in the State of Colorado. Venue is therefore proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391(b).

## Parties

4.     Plaintiff J Woodard is a resident of Colorado Springs, Colorado, was employed with Colorado Commercial Roofing from January 2020 through March 2020, and was employed with AND Sheet Metal from April 2020 until August 11, 2020.

5.     Defendant AND Sheet Metal Inc. is a Colorado corporation with its principal place of business located at 4200 N. Weber St., Colorado Springs, Colorado 80907.

6.     Defendant Colorado Commercial Roofing, Inc. is a Colorado corporation with its principal place of business located at 4200 N. Weber St., Colorado Springs, Colorado 80907.

7.     Defendant Mark Barnes is the owner and president of Colorado Commercial Roofing and AND Sheet Metal and, on information and belief, resides in Colorado Springs.

8.     Plaintiff was jointly employed by AND and CCR in that CCR had the power to hire and fire AND employees, CCR supervised and controlled AND employee work schedules or conditions of employment, CCR determined the method and rate of payment for AND employees, and CCR maintained AND employment records.

9.     At all relevant times, AND and CCR were a single integrated enterprise for the following reasons: AND performs services solely for CCR; CCR and AND share the same customers and resources; CCR and AND have the same principal place of business and operate from that place of business; CCR and AND have common ownership and financial control; CCR and AND have the same officers and managing agents; and CCR and AND have the same employment policies and other policies. As such, AND and CCR are under common control and operationally interdependent and therefore constitute an integrated or joint enterprise under the FLSA.

**Factual Background**

10.     AND is a sheet metal company providing metal fabrication, installation, and other services for Colorado Commercial Roofing.

11.     Colorado Commercial Roofing installs and repairs roofs primarily on commercial buildings throughout Colorado.

12.     At all relevant times hereto, Plaintiff was employed by AND and CCR as a middle foreman and was properly classified as a non-exempt employee under the FLSA and COMPS Order.

13.     Although Plaintiff was required to spend time traveling in company trucks to and from job sites, and did so frequently, Plaintiff was not compensated at the mandated minimum wage for all of his travel time hours.

14.     For example, CCR and AND would require Plaintiff to clock in only after he arrived at the job site, and require Plaintiff to clock out upon leaving the job site, even though Plaintiff would spend anywhere from one to five hours per shift traveling to and from job sites.

15.     AND and CCR also failed to calculate Plaintiff's overtime hours. Plaintiff was required to spend time time traveling in company trucks to and from job sites but was not paid overtime for these work hours.

16.     Throughout all relevant time periods, AND and CCR failed to maintain accurate and sufficient time records.

17.     Plaintiff is aware of other current and former employees of AND and CCR who were subject to these same pay practices.

18.     Upon information and belief, none of CCR and AND's non-exempt employees were paid properly for their time worked.

19.     Plaintiff complained several times about CCR and AND's policy and practice of refusing to pay for travel time to which he was entitled, culminating with his complaints to AND on August 10 and 11, 2020.

20.     On August 11, 2020, Plaintiff met with Mr. Barnes and Jen Barnes at AND and CCR's office. During this meeting, Plaintiff told Mr. and Ms. Barnes that he felt he should be compensated for travel time, but Mr. Barnes told Plaintiff that under Colorado law, AND was not required to pay for drive time. Mr. Barnes went on to accuse Plaintiff of "rallying the troops against [him]," and that he "[takes] it personal" that Plaintiff was "questioning [his] integrity" about the travel time practice. Mr. Barnes concluded the meeting by telling Plaintiff "we're just going to have to part ways," and that AND was terminating Plaintiff's employment.

## Collective and Class Action Allegations

21.     Plaintiff brings this action as a Fed. R. Civ. P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL AND AND CCR EMPLOYEES WHO WORKED IN COLORADO AT ANY TIME DURING THE PAST THREE YEARS WHO: A) WERE NOT PAID THE MINIMUM WAGE FOR ALL HOURS WORKED; B) WERE NOT PAID FOR DRIVE TIME; AND/OR C) DID NOT RECEIVE OVERTIME PAY FOR HOURS WORKED IN EXCESS OF 40 PER WEEK.

22.     This action is properly brought as a class action for the following reasons:

a.      The Class is so numerous that joinder of all Class Members is impracticable. Plaintiff is informed and believes that the number of Class Members exceeds thirty (30).

b.      Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any

individual issues which may exist. Among the questions and issues common to the Class are: 1) whether Defendants engaged in a common course of failing to properly compensate Class Members for all hours worked, including overtime; 2) whether Defendants failed to pay Class Members an overtime premium of 1.5 times their regular hourly rate for all hours worked in excess of 40 per week; 3) whether Defendants engaged in a common course of failing to maintain true and accurate time records for all hours worked by Class Members; 4) whether Defendants violated state and/or federal law; and 5) the nature and extent of class-wide injury and the measure of compensation for each injury.

c.    The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from the Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual claims at issue in this class action involve small amounts and, for most (all) Class Members, it would not be cost-effective to retain counsel to file individual lawsuits. On information and belief, many of the Class Members do not have the financial means to hire counsel. The class action process would provide an opportunity that is otherwise not practicable or that is simply unavailable for many of the individual Class Members.

Allowing employees a cost-effective avenue to recover unpaid minimum wages is a primary goal of the overtime laws. The proposed class action presents no unique difficulties from a case management perspective, and — for a number of reasons — would be easier to administer than most class actions. For example, the case involves discrete violations of specific minimum wage and overtime statutes and regulations with easily calculable statutory damages.

d.      Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff and other Class Members all are current or former employees of Defendants performing the same type of non-exempt jobs. Their claims are identical and run solely against Defendants. Plaintiff and other Class Members do not have contractual relationships with each other, hence they do not have cross claims, third party claims, or claims in the nature of contribution, comparative fault, or set-off that would place them at odds with each other. In short, their interests are identical and not in conflict. Furthermore, Plaintiff is represented by experienced class action counsel.

23.      For all the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by

Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan regarding employee wages and hours.

### First Cause of Action
### (Violation of the Fair Labor Standards Act,
### 29 U.S.C. § 201, *et seq.*)

24.     Plaintiff realleges and incorporates by reference each and every paragraph as though fully set forth herein.

25.     Plaintiff was an "employee" of Defendants under the Fair Labor Standards Act. 29 U.S.C. § 203(e). Plaintiff consents to sue (signed form attached) in this action pursuant to 29 U.S.C. § 216(b).

26.     While employed by Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

27.     At all relevant times Defendants have been, and continue to be, "employers" within the meaning of the FLSA. 29 U.S.C. § 203(d). AND and CCR are "enterprises" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA. 29 U.S.C § 203(r) and (s)(1). At all relevant times, on information and belief, AND and CCR have had annual gross volume of sales in excess of $500,000. 29 U.S.C. § 203(s)(1).

28.     Defendant Mark Barnes is the owner and president of AND and CCR and at all relevant times throughout Plaintiff and Class Members' employment had the authority to hire and fire employees, supervised and controlled work schedules or the

conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff and Class Members' employment. As such, Mark Barnes acted in the interests of AND and CCR in relation to their employees and thus is an "employer" under the FLSA.

29.     As a result of the foregoing conduct, Defendants have violated, and continue to violate, the FLSA. 29 U.S.C. § 201, *et seq.* These violations were committed knowingly, willfully, and with reckless disregard of applicable law. 29 U.S.C. § 255.

30.     As a result, Plaintiff and Class Members have been damaged in amounts to be determined at trial.

**Second Cause of Action**
**(Violation of the Colorado Wage Claim Act,**
**C.R.S. § 8-4-101, *et seq.*)**

31.     Plaintiff realleges and incorporates by reference each and every paragraph as though fully set forth herein.

32.     At all relevant times, AND and CCR have been, and continue to be, "employers" within the meaning of the Colorado Wage Claim Act. C.R.S. § 8-4-101(6). At all relevant times, AND and CCR employed, and/or continue to employ, "employees", including Plaintiff, within the meaning of the Colorado Wage Claim Act. C.R.S. § 8-4-101(5).

33.     As a result of the foregoing conduct, as alleged, AND and CCR failed to pay wages due under the Wage Claim Act, Minimum Wage Order, and FLSA, thereby violating, and continuing to violate, the Wage Claim Act. AND and CCR committed these

violations knowingly, willfully, and with reckless disregard of applicable law. C.R.S. § 8-4-109(3)(c).

34.     As a result, Plaintiff and Class Members have been damaged in amounts to be determined at trial.

35.     On August 20, 2020, Plaintiff sent AND a Demand for Payment of Wages under the Wage Claim Act in the amount of $6,468.00. On October 5, 2020, AND tendered $3,235.00 for what it believed Plaintiff was owed.

**Third Cause of Action**
**(Violation of the Colorado Minimum Wage Act,**
**C.R.S. § 8-6-101, *et seq.*)**

36.     Plaintiff realleges and incorporates by reference each and every paragraph as though fully set forth herein

37.     At all relevant times, AND and CCR were "employers" as defined, and operated businesses whose compensation of their employees was regulated by the COMPS Order. 7 Colo. Code of Regs. 1103-1, section 2.

38.     In refusing to pay its employees travel time wages, AND and CCR did not adhere to sections 1.9, 1.9.1, and 1.9.2 of the COMPS Order, which provide that "travel time" means "time spent on travel for the benefit of the employer, excluding normal home to work travel, and shall be considered time worked." "Travel time" is compensable under the COMPS Order when it is "time worked under Rule 1.9 - 1.9.1," "after compensable time starts or before compensable time ends under Rule 1.9 - 1.9.1," or "travel in employer-mandated transportation (1) that materially prolongs

commute time or (2) in which employees are subjected to heightened physical risk compared to an ordinary commute."

39.     As a result, AND and CCR failed to pay Plaintiff and Class Members the applicable minimum wage, and Plaintiff and Class Members have been damaged in amounts to be proven at trial.

40.     Plaintiff and Class Members are entitled to recover the unpaid balance of the full amount of such minimum wage. C.R.S. § 8-6-118.

**Fourth Cause of Action**
**(Violation of the Fair Labor Standards Act-Retaliation,**
**29 U.S.C. § 215(a)(3))**

41.     Plaintiff realleges and incorporates each and every paragraph as though fully set forth herein.

42.     Plaintiff "filed any complaint" under 29 U.S.C. § 215(a)(3) when he complained to Defendants on several occasions about not receiving travel time wages, including his complaints to Defendants on August 10 and 11, 2020.

43.     Plaintiff suffered an adverse employment action when Defendants terminated his employment on August 11, 2020.

44.     Plaintiff's complaints about travel time/drive time wages motivated Defendants to terminate his employment.

45.     Defendants terminated Plaintiff after Defendants accused Plaintiff of "rallying the troops" against them and for "questioning" Defendants' "integrity" about their travel time practice.

46.     As a direct and proximate result of Defendants' above-described conduct, Plaintiff has suffered economic and non-economic damages, entitling him to an award of actual, compensatory, and consequential damages, including damages for emotional distress and mental anguish and punitive damages, in amounts to be proven at trial.

47.     Defendants' violation of the FLSA entitles Plaintiff to recover liquidated damages, reasonable attorney fees, and costs under 29 U.S.C. § 216(b).

**Fifth Cause of Action**
**(Violation of the Colorado Wage Claim Act-Retaliation,**
**C.R.S. § 8-4-120)**

48.     Plaintiff realleges and incorporates each and every paragraph as though fully set forth herein.

49.     C.R.S. § 8-4-120 provides that "[n]o employer shall intimidate, threaten, restrain, coerce, blacklist, discharge, or in any manner discriminate against any employee who has filed any complaint or instituted or caused to be instituted any proceeding under" the Colorado Wage Claim Act.

50.     Plaintiff "filed any complaint" under the Colorado Wage Claim Act when he complained to AND and CCR on several occasions about not receiving travel time wages, including his complaints on August 10 and 11, 2020.

51.     Plaintiff suffered an adverse employment action when AND and CCR discharged him on August 11, 2020.

52.     AND and CCR terminated Plaintiff for his complaints about not receiving travel time wages.

53.     AND and CCR terminated Plaintiff after AND and CCR accused Plaintiff of "rallying the troops" against them and for "questioning" their "integrity" about the travel time practice.

54.     As a direct and proximate result of AND and CCR's above-described conduct, Plaintiff has suffered economic and non-economic damages, entitling him to an award of actual, compensatory, and consequential damages, including damages for emotional distress and mental anguish, in amounts to be proven at trial.

55.     AND and CCR's violation of the Colorado Wage Claim Act entitles Plaintiff to recover reasonable attorney fees and costs under C.R.S. § 8-4-110.

### Sixth Cause of Action
### (Wrongful Termination in Violation of Public Policy)

56.     Plaintiff realleges and incorporates each and every paragraph as though fully set forth herein.

57.     Plaintiff's discharge contravenes a well-defined and clear mandate of public policy as set forth in the Colorado Constitution, Colorado statutes, regulatory provisions, and/or the common law in that public policy encourages employees to complain about working conditions and specifically about wages in the workplace.

58.     AND and CCR's discharge of Plaintiff for complaining about not being paid travel time wages is contrary to public policy and harms the general public. Colorado public policy, and specifically the Colorado Wage Claim Act and the COMPS Order, prohibits employers from terminating employees who complain about their pay. By terminating Plaintiff's employment in retaliation for Plaintiff demanding that he be paid travel time wages, AND and CCR violated a well-established Colorado public policy.

59.     AND and CCR fired Plaintiff after he had complained about travel time wages and on the same day Plaintiff complained to AND and CCR's owner, Mark Barnes, about AND and CCR's travel time practice.

60.     AND and CCR's termination of Plaintiff was motivated by bad faith, malice, and/or retaliation against Plaintiff for performing an act that public policy encourages and/or for failing to perform an act that public policy condemns.

61.     As a direct and proximate result of AND and CCR's above-described conduct, Plaintiff has suffered economic and non-economic damages, entitling him to an award of actual, compensatory, and consequential damages, including damages for emotional distress and mental anguish, in amounts to be proven at trial.

<b>Prayer for Relief</b>

WHEREFORE, Plaintiff prays for the following relief for himself and all Class Members pursuant to 29 U.S.C. § 216(b), Fed. R. Civ. P. 54, C.R.S. § 8-4-109, C.R.S. § 8-4-110, C.R.S. § 8-6-118, and Colo. R. Civ. P. 54 as follows:

a.     Judgment in Plaintiff and Class Members' favor and against Defendants;

b.     Determining that the action is properly maintained as a collective and/or class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

c.     Ordering prompt notice of this litigation to all potential Class Members;

d.     Declaratory and/or injunctive relief as permitted by law or equity;

e.     Damages for unpaid minimum wages and/or overtime wages;

f.      Economic damages for lost past and future income, lost benefits of employment, reimbursement of expenses, and other damages sufficient to make Plaintiff whole from Defendants' conduct;

g.      Non-pecuniary damages, including damages for emotional distress and consequential damages;

h.      Liquidated damages and/or statutory penalties as provided by law;

i.      Pre- and post-judgment interest at the highest rates allowed by law;

j.      Costs and reasonable attorney fees; and

k.      All other legal or equitable relief to which Plaintiffs and Class Members are entitled.

## Jury Demand

**Plaintiffs request this matter be tried by a jury.**

Respectfully submitted this 4th day of November 2020.

LAW OFFICES OF GREGORY E. GIVENS, P.C.

*Is/ Gregory E. Givens*
Gregory E. Givens, #41810
18 N. Sierra Madre Street, Suite E
Colorado Springs, CO 80903
Telephone: 719-291-4353
gegivens@hotmail.com
*Attorneys for Plaintiff J Woodard, on behalf of himself and all other similarly situated persons*

## CONSENT TO BECOME PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

I hereby consent to be a party plaintiff in a collective action seeking unpaid wages against AND Sheet Metal, Inc., Colorado Commercial Roofing, Inc., and Mark Barnes. For purpose of pursuing my unpaid wage claims, I have engaged and choose to be represented by Gregory E. Givens, Law Offices of Gregory E. Givens, P.C., and other attorneys with whom he may associate.

Dated: 22 Nov 2020

_____

J WOODARD (PRINT NAME)

_____

J WOODARD (SIGNATURE)